UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,                      CRIMINAL NO. 07-20237

v.                                      HONORABLE SEAN F. COX

KEITH GOODWIN,
      a.k.a., "Kaydoe,"

        Defendant.

                                      /

## **GOVERNMENT'S SENTENCING MEMORANDUM**

NOW COMES THE UNITED STATES OF AMERICA, by its attorneys, STEPHEN J. MURPHY, United States Attorney, and KEVIN M. MULCAHY, Assistant United States Attorney, and files this Sentencing Memorandum in the above-captioned case.

## I
## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 25, 2007, Defendant Keith Goodwin, a.k.a., "Kaydoe," pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of a firearm with an altered serial number, in violation of 18 U.S.C. § 922(k).

Defendant's crimes involved the posting of advertisements on the internet of underage girls, as well as women of age, willing to engage in sexual acts for money. In March of this year, FBI agents learned that advertisements involving prostitution were being placed in the "Erotic Services" section of www.detroit.craigslist.org (hereinafter "craigslist"). The advertisements in question were not subtle, but rather offered the customer a variety of prices depending on the length of time with the girls. For example, one advertisement stated the customer could "leave with a smile in 15 minutes for 100. If you are in a hurry, leave quick with a smile." Included in that advertisement was

a picture of a sixteen year-old girl wearing only a g-string bikini with her legs spread open . The focus of that picture was clearly the genitals of this girl.

Other advertisements provided photographs of several girls, with a caption that read:

> BE GOOD DON'T CALL IF YOU ARE NOT A PROFESSIONAL PERSON.
> COME AND GET THIS GOOD TEAM AND HAVE A GOOD TIME
> 200 FOR 60
> 150 FOR 30
> 100 FOR 15 FOR THE MAN ON THE GO.

The telephone number listed with both of these sample advertisements belonged to Defendant. As agents ran a search within the craigslist website, they found 14 similar advertisements with Defendant's telephone number under the Erotic Services section.

Based on this information, agents executed a search warrant at Defendant's residence in Detroit on March 28, 2007.  Defendant and five females, three of which were underage, were at the residence at the time of the execution of the search warrant.  These were the same girls depicted in the prostitution advertisements on craigslist.  Goodwin and the girls lived in this house at the time of his crimes.

A search of the only working computer in Defendant's home revealed several hundred pictures of the girls, including the pictures that appeared in the advertisements on the craigslist website.  Many of these photographs constituted child pornography, as that term is defined by 18 U.S.C. § 2256(8).  In addition to the pornographic images on the computer, agents found a shotgun with an obliterated serial number behind the couch in the living room.

As indicated in the PSR, four of the five girls (and all three of the underage girls) acknowledged that (I) they were prostitutes; (ii) Goodwin took the majority of their photographs; and (iii) Goodwin posted the pictures on the internet, along with a written advertisement that included rates for sexual services.  PSR at ¶ 14.

2

## II
## GUIDELINE CALCULATIONS AND SECTION 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The most relevant factors are evaluated below, beginning with #4, the sentencing guidelines.

A.      The Advisory Guideline Range

Recently, in *United States v. Rita*, __ U.S. __ 2007 WL 1772146 (2007), the Supreme Court restated that the goals of the United States Sentencing Commission in formulating the Sentencing Guidelines are to carry out the objectives of 18 U.S.C. § 3553(a). Despite their being advisory, rather than mandatory, the Guidelines remain an important factor in fashioning a just sentence. As the Supreme Court stated in *Rita*, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 7. Here, the Government agrees with the calculations of the probation office. Defendant's resulting guideline level is a 30, with a criminal history category I, the advisory guideline range is 97-121 months.

3

This guideline range takes into account the distribution of the child pornographic images of the underage girls that Defendant pimped, his use of the internet to do so, his ongoing exploitation of the minor girls, and the number of images involved.

B.      The Nature and Circumstances of the Offense/Seriousness of the Offense

There can be no doubt that Defendant's offense is serious. The distribution of child pornography creates a market for its production, which inevitably leads to the abuse of children. *See Osborne v. Ohio*, 495 U.S. 103, 109-11 (1990). Furthermore, the dissemination of child pornography "causes the child victims continuing harm by haunting the children in years to come." *Osborn*, 495 U.S. at 111 (citation omitted); *see also United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their interests in avoiding the disclosure of personal matters.").

In this case, not only did Goodwin produce and distribute child pornography, he did so to further the prostitution of these underage girls. Thus, he more directly involved himself in the sexual exploitation of children than perhaps the typical defendant who faces distribution of child pornography charges.

C.      Avoiding Unwarranted Sentencing Disparities

Section 3553(a)(6) dictates that the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As indicated above, Defendant produced, distributed, and possessed child pornography so as to assist minors to engage in prostitution. While he faces a mandatory minimum sentence of 5 years in prison here, had he been prosecuted for his production of child pornography, the minimum mandatory sentence would have been 15 years. *See* 18 U.S.C.

§ 2251.  For causing a minor to engage in a commercial sex act, the defendant could have faced a 10 year minimum mandatory sentence.  *See* 18 U.S.C. § 1591.   Thus, a sentence within the guideline range–97-121 months–would be more consistent with the types of sentences other defendants convicted of similar conduct receive.

On the other hand, to sentence Defendant to a term of imprisonment at or close to the 5 year mandatory minimum would suggest his conduct was at or close to the least culpable of individuals convicted of distributing child pornography.  Defendant simply is not among the least culpable, and does not deserve a downward variance.

D.      Need to Protect the Public from the Defendant's Future Criminal Conduct and Deterrence

To remove Defendant from society for a lengthy period of time is to ensure that he will not subject other girls to being the subjects of sexual exploitation.  Additionally, a sentence of 97 to 121 months will serve the remaining aspects of section 3553(a), including promote respect for the law, provide just punishment, and serve to deter others who consider pimping, especially pimping underage girls, as a viable way to make a living.

## IV
## THE GOVERNMENT'S RECOMMENDATION

For the foregoing reasons, the United States respectfully recommends a sentence within the guideline range.

Dated: October 9, 2007

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

s/Kevin M. Mulcahy
KEVIN M. MULCAHY
Assistant United States Attorney
United States Department of Justice
211 West Fort Street
Detroit, MI 48226
Kevin.Mulcahy@usdoj.gov
(313) 226-9713


## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jim Gerometta

s/Kevin Mulcahy
KEVIN M. MULCAHY
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9713
E-mail: Kevin.Mulcahy@usdoj.gov