UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CR. NO. 07-20237
                                   HON. SEAN F. COX

KEITH GOODWIN,

        Defendant.
_____/

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

1

I.

FACTS

Defendant pled guilty to distribution of child pornography and possession of a firearm with an obliterated serial number. These charges stem from Defendant's involvement in the prostitution of underage girls. Defendant acted as a panderer of these young women by posting pictures of them on "craig's list" and internet classified site. The young women working with Defendant were in their late teens and early twenties. Most, if not all, had been prostitutes before meeting Defendant and decided to work with him as because he treated them much better than the "pimps" they had been with before.

Defendant's treatment of the young women was so different from that of the aggressive "pimps" the girls had been with before that, although he was clearly pandering these young women, he did not consider himself to be a "pimp." This sentiment is echoed by several of the women interviewed by the FBI who, although they describe Defendant's pandering of their sexual services, refused to acknowledge him as their "pimp."

Prior to his involvement in the instant offense, Mr. Goodwin had trained himself to be a Microsoft certified computer technician. This is rather remarkable given Mr. Goodwin's difficult upbringing. His mother was an alcoholic and the family was often homeless. During his youth Mr. Goodwin was forced to live with relatives and in foster homes. At one time, under the age of ten, Mr. Goodwin lived alone on the street for several weeks.

Finally, at fourteen, Mr. Goodwin was taken under the wing of a former neighbor who attended to his basic needs and allowed him to attend high school. Despite this help he was

unable to complete high school. After leaving high school, Mr. Goodwin went to work in the food service industry, working his way up to banquet manager at the Southfield Ramada Inn. He then went to work at the Western Guld and Country Club as a bus boy. During this time he was able to teach himself computer networking and pass a certification test. This allowed him to obtain a contract support position at TEKSystems.

Unfortunately, Mr. Goodwin decided to leave this job to pursue life as a music producer and support himself through pandering women.

## II.

## ARGUMENT

The Supreme Court's decision in *United States v. Booker,* 125 S.Ct. 738 (2005) requires this Court to consider not just the Sentencing Guidelines, but also the factors contained within 18 U.S.C. § 3553. These factors include: the nature and characteristics of the defendant; the seriousness of the offense; the need to provide rehabilitation, education, and/or medical care; the need to avoid sentencing disparity, and the applicable sentencing guidelines. 18 U.S.C. § 3553(a)(1-4).

It is a sentencing court's obligation to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)." *United States v. Montanez*, 442 F.3d 485, 494 (6th Cir. 2006), (internal quotations omitted), 18 U.S.C. § 3553(a). The purposes set forth in § 3553(a) mirror the traditional penal goals of punishment, deterrence, and rehabilitation.

In determining the proper sentence necessary to meet these goals, the district court must do so without providing any undue weight to the guidelines or presuming that a sentence within the guideline range should apply. At the district court level the "the sentencing court does not enjoy the

benefit of a legal presumption that the Guidelines should apply." *Rita v. United States,* 2007 WL 1772146 (S.Ct.. 2007) at 12.

While no case involving the distribution of child pornography or the selling of sexual services can present a wholly sympathetic set of facts, Mr. Goodwin's actions are perhaps the least reprehensible conduct possible for the offenses for which he is charged. First, the pictures posted on the internet were physically mature young women, thus his distribution of their pictures did not further the market for child pornography. Other than their willingness to pay for sex, those persons interested in the pictures Mr. Goodwin posted had no deviant or abnormal sexual interest and were not pedophiles.

Second, the girls pandered by Mr. Goodwin were involved in prostitution before they met him and in many cases moved in with him to escape or avoid the abusive and domineering treatment by traditional "pimps" who would force them to work. Mr. Goodwin, on the other hand, allowed the girls to only work when the wanted to and actually explored the idea of publishing a semi-pornographic calender to make money so that the girls would not have to prostitute themselves.

While Mr. Goodwin's actions are certainly not laudable or worthy of praise, they do set him apart from the usual case involving either prostitution or child pornography.

Mr. Goodwin has expressed deep regret for his actions. He believes he was arrested because God needed to show him how far he had varied from his plan for Mr. Goodwin. Mr. Goodwin plans to rehabilitate himself and avoid any further law enforcement contact when released.

Given his lack of criminal history, and his impressive ability to teach himself a marketable skill prior to his involvement in this offense, it appears that Mr. Goodwin is more capable than the vast majority of offenders who come before this Court of keeping his promise not be re-offend if given lenient treatment by the Court.

III.

CONCLUSION

Mr. Goodwin's sentencing guidelines are 97 - 121 months. Because of his lack of criminal history and the lower societal harm caused by Mr. Goodwin's offense relative to a normal case involving child pornography, Defendant requests that this Court vary from the sentencing guidelines by approximately twenty-five percent and impose a sentence of 73 months.

        Respectfully submitted,

        **FEDERAL DEFENDER OFFICE**
        **LEGAL AID AND DEFENDER ASSN, INC.**


        /s/ James Gerometta
        JAMES GEROMETTA
        E-Mail: james_gerometta@fd.org
        Attorneys for Defendant
        645 Griswold, Suite 2255
        Detroit, Michigan  48226-4110
        Telephone: (313) 961-4150

Date: October 16, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2007, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties are ECF participants:

>Kevin Mulcahy
>Assistant U.S. Attorney
>211 W. Fort Street, Ste. 2001
>Detroit, Michigan 48226

>s/James R. Gerometta
>Federal Defender Office
>645 Griswold Street, Suite 2255
>Detroit, MI 48226-4110
>(313) 961-4150
>james_gerometta@fd.org
>P60260